UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DELORES MCMICHAEL,

                Plaintiff, Pro Se

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------------------x

NOT FOR PUBLICATION
ORDER
08-cv-05270 (CBA)

AMON, United States District Judge:

      On December 29, 2008, plaintiff filed this action, seeking a modification of the decision of the Commissioner of Social Security ("Commissioner") so as to grant monthly maximum insurance and/or Supplemental Security Income benefits to the plaintiff, or in the alternative, remand to the Commissioner for reconsideration of the evidence. On January 8, 2010, the Court granted petitioner, if *pro se*, leave to proceed in *forma pauperis*, and ordered defendant to obtain and serve upon plaintiff the administrative record of the proceedings, along with its answer, by March 30, 2009, to move for judgment on the pleadings by May 28, 2009, with plaintiff's response papers due by June 26, 2009. On May 27, 2009, the Commissioner requested a thirty (30) day extension of the time for defendant to file a motion, so as to offer plaintiff a remand for further administrative proceedings. The Court granted defendant's request. Defendant then filed its answer to petitioner's complaint on June 18, 2009.

      On April 19, 2010, defendant filed a letter with the Court, dated June 29, 2009, serving the Commissioner's notice of motion and memorandum of law in support of his "Motion for Remand for Further Administrative Proceedings" ("Motion for Remand"). On May 18, 2010, therefore, the Court ordered a revised, expedited briefing schedule, with plaintiff's response to defendant's

1

Motion for Remand due by May 28, 2010, and any reply due by June 4, 2010. A letter from the Court to plaintiff's address, listed with the Court, was returned as undeliverable. On June 22, 2010, the Court ordered plaintiff to show cause by July 9, 2010 why it should not dismiss the instant action for failure to prosecute. Again, a letter from the Court to the plaintiff's address was returned as undeliverable. No response to the Court's order to show cause was received.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." A court may also order dismissal for failure to prosecute *sua sponte*. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Failure to prosecute, "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at 42.

Based on plaintiff's failure to respond to defendant's Motion for Remand as well as the failure to provide the Court with an up to date address, the Court hereby dismisses plaintiff's Complaint for failure to prosecute its case. The Clerk of the Court is directed to enter judgment in accordance with this order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
July 2̲8̲, 2010

/S/
Carol Bagley Amon
United States District Judge